**FILED**

April 22, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | §   **I N D I C T** Case No: EP:26-CR-00914-KC |
| | § |
| **Plaintiff,** | §   **CT 1:** 21:952(a) & 960(a)(1)-Importation of |
| | §   a Controlled Substance; |
| **v.** | § |
| | §   **CT 2:** 21:841(a)(1)-Possession of a |
| **FRANCISCO HERRERA FLORES,** | §   Controlled Substance with |
| | §   Intent to Distribute. |
| **Defendant.** | § |
| | §   *Notice of Government's Demand for* |
| | §   *Forfeiture* |

THE GRAND JURY CHARGES:

### COUNT ONE

That on or about April 1, 2026, in the Western District of Texas, Defendant,

**FRANCISCO HERRERA FLORES,**

knowingly and intentionally imported into the United States from Mexico a controlled substance,

which offense involved five kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States

Code, Sections 952(a), 960(a)(1), and 960(b)(1)(B)(ii).

### COUNT TWO

That on or about April 1, 2026, in the Western District of Texas, Defendant,

**FRANCISCO HERRERA FLORES,**

knowingly and intentionally possessed with intent to distribute a controlled substance, which

offense involved five kilograms or more of a mixture or substance containing a detectable amount

of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2]

### I.
### Drug Violation and Forfeiture Statutes
**[Title 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B)(ii), 841(a)(1) and 841(b)(1)(A)(ii), subject to forfeiture pursuant to Title 21 U.S.C. §§ 853(a)(1) and (2) and 970]**

As a result of the criminal violations set forth above, the United States gives notice to Defendant **FRANCISCO HERRERA FLORES** of its intent to seek the forfeiture of certain property upon conviction pursuant to Fed R. Crim. P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (2) and 970, which state:

**Title 21 U.S.C. § 853. Criminal Forfeitures**
**(a) Property subject to criminal forfeiture**
**(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
**(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

**Title 21 U.S.C. § 970. Criminal Forfeitures**
Section 853 of this title, relating to criminal forfeitures, shall apply in every respect to a violation of this subchapter punishable by imprisonment for more than one year.

This Notice of Demand for Forfeiture includes but is not limited to the money judgment described in Paragraph II.

### II.
### Money Judgment

A sum of money that represents the amount of proceeds obtained by the Defendant, directly or indirectly, as a result of the offenses set forth above, and the value of property used to facilitate, or intended to be used to facilitate the commission of the offense, for which Defendant **FRANCISCO HERRERA FLORES** is solely liable.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the

Defendant:

a.      cannot be located upon the exercise of due diligence;
b.      has been transferred or sold to, or deposited with, a third party;
c.      has been placed beyond the jurisdiction of the court;
d.      has been substantially diminished in value; or
e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property, up to the value of said

money judgment, as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P.

32.2(e)(1).

A TRUE BILL.

████████████

FOREPERSON OF THE GRAND JURY

JUSTIN R. SIMMONS
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney